
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50017 | **DATE** | 9/21/2001 |
| **CASE TITLE** | Beebe vs. SwedishAmerican Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and this cause is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 39 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 2001 SEP 26 PM 1:14 | SEP 2 6 2001 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

On May 11, 2000, plaintiff Christopher Beebe filed a one-count amended complaint against defendant SwedishAmerican Hospital ("the Hospital"), under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Currently pending is the Hospital's motion for summary judgment, filed pursuant to Fed.R.Civ.P. 56, and its corresponding LR 56.1(a) statement of facts. Although Beebe responded to the Hospital's summary judgment motion, he did not respond to the LR 56.1(a) statement and has admitted to the facts. Thus, the court accepts as true all facts set forth in the Hospital's statement of facts. See Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 871 (7th Cir. 2000). The court has jurisdiction over Beebe's amended complaint pursuant to 42 U.S.C. §§ 2000e-5(f), 12117(a), and venue is proper in this district and division. See id. §§ 2000e-5(f)(3), 12117(a).

Beebe worked at the Hospital as a patient food services aide in the Food and Nutrition Department from 1993 until August 6, 1999. (LR 56.1(a) ¶¶ 7, 35, 38) His immediate supervisor was Cathy Cooper, the Assistant Director of Food Services, Patient Services, and she reported directly to Tom Butz, the Director of Food Services. (Id. ¶¶ 9, 10) In late July 1999, Beebe asked Cooper if he could take a vacation at the end of August 1999 and beginning of September 1999. (Id. ¶ 16) She denied his request because other employees had already asked for vacations during the same time period. (Id.) Over the next few days, Beebe repeated his request to Cooper and others, but received the same answer. (Id. ¶¶ 17-19) On July 30, 1999, Beebe resigned from the Hospital. (Id. ¶ 21) A few days later, he asked to rescind his resignation; Cooper allowed him to, but told Beebe that was the last time he would be able to take back his resignation. (Id. ¶ 23) The next day, Beebe again asked for vacation time and, after his request was denied, again resigned. (Id. ¶¶ 25-29) Both Cooper and Butz told Beebe to think about it because he would not be able to rescind it again. (Id. ¶ 29) Nevertheless, Beebe resigned on August 4, 1999. (Id. ¶ 33) On August 6, 1999, he told Cooper he wanted to rescind his resignation. (Id. ¶ 35) When Cooper and Butz told him he could not, he became disruptive and lunged across the desk at Butz. (Id. ¶ 36) Butz immediately discharged Beebe. (Id. ¶ 37-39)

Beebe claims he was not allowed to rescind his resignation and was discharged because of his hearing impairment. When, as here, there is no direct evidence of disability discrimination, the court uses the familiar, McDonnell Douglas burden-shifting approach in analyzing a disparate treatment claim. Amadio v. Ford Motor Co., 238 F.3d 919, 924 (7th Cir. 2001). Under this approach, Beebe must first show: (1) he is disabled within the meaning of the ADA; (2) he was meeting the Hospital's legitimate expectations; (3) he suffered an adverse employment action; and, (4) similarly situated, non-disabled employees were treated more favorably. See Hoffman v. Caterpillar, Inc., 256 F.3d 568, 572 (7th Cir. 2001). The Hospital admits, for purposes of its motion, that Beebe is disabled within the meaning of the ADA. The Hospital argues Beebe was not meeting its legitimate expectations and points to his poor attendance record. However, he was not discharged for such problems, and the court finds he was meeting the Hospital's legitimate expectations with respect to a prima facie case. As for the third prong, it is questionable whether a company's refusal to rescind a voluntary resignation could be considered an adverse employment action. See Simpson v. Borg-Warner Auto., Inc., 196 F.3d 873, 876 (7th Cir. 1999) (voluntary demotion not an adverse employment action). Beebe was discharged so at least he has established the third prong with respect to this portion of his claim. Nevertheless, Beebe has produced no evidence to show non-disabled employees were allowed to rescind a voluntary resignation more than once. Likewise, he has not shown that non-disabled employees became disruptive, lunging at their supervisor, and were not discharged. Furthermore, Beebe has produced no evidence from which a reasonable factfinder could infer that the Hospital's stated reason for discharging Beebe is pretextual. Beebe admits he resigned twice, and he admits that during the meeting in which he tried to rescind his second resignation, he became agitated and lunged at Butz. Beebe argues that his reaction was the result of his disabilities, yet has produced no evidence to support this claimed causal connection. Moreover, the ADA does not require the Hospital to ignore such conduct. Cf. Waggoner v. Olin Corp., 169 F.3d 481, 484 (7th Cir. 1999) (ADA does not excuse erratic, unexplained absences, even when those absences are the result of a disability). The Hospital was entitled to believe his behavior could have posed a threat to Butz, or at least was unacceptable. Cf. Giannopoulos v. Brach & Brock Confections, Inc., 109 F.3d 406, 411 (7th Cir. 1997) (plaintiff pointed to nothing in record that reasonably called into question the honesty of employer's professed belief that plaintiff had punched a coworker). Beebe's main argument seems to be that his resignation did not affect the Hospital and it should have allowed him to rescind it yet again. The ADA does not impose such a requirement on the Hospital and, in fact, it more than met him halfway in allowing him to rescind his resignation once. See Corder v. Lucent Tech. Inc., 162 F.3d 924, 928 (7th Cir. 1998) (company showed infinite patience in accommodating absentee employee). In short, Beebe has not produced a scintilla of evidence of disability discrimination, and his claim is dismissed.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

**DOCKETED**

**SEP 2 6 2001**

Chris J. Beebe

v.

SwedishAmerican Hospital

**JUDGMENT IN A CIVIL CASE**

Case Number: 00 C 50017

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted and this cause is hereby dismissed in its entirety.

All prior orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 9/26/2001

Susan M. Wessman, Deputy Clerk